UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LESTER E. BRIGGS | CIVIL ACTION 3:16-cv-00688 |
| Plaintiff, | |
| v. | COMPLAINT |
| WEINSTEIN & RILEY, P.S., P.C. | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, LESTER E. BRIGGS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. and Law Offices of William A. Mueller complaining of the DefendantWEINSTEIN & RILEY, P.S., P.C. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action as a consumer to secure redress for unlawful collection practices engaged in by Defendant . Plaintiff alleges Defendant' violationed the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA), 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

3. Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants conduct business in the Southern District of Illinois and Defendants' collection practices impacted Plaintiff within the Southern District of Illinois.

## PARTIES

4. Plaintiff is natural person residing in the Southern District of Illinois.

5. Plaintiff is a "consumer" as defined under 15 U.S.C. §1692a(3).

6. At all times relevant to this action, Weinstein was engaged as a law firm with its principal office located at 2001 Western Avenue, Suite 400, Seattle, Washington 98121 and its registered agent in Illinois is C T Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Weinstein is in the business of collecting debts on behalf of other creditors from consumers across the country, including in the State of Illinois.

7. At all times relevant to this complaint, Weinstein was collecting on a consumer debt as defined under 15 U.S.C. §1692 a(5).

## FACTS SUPPORTING CAUSES OF ACTION

8. On March 31, 2015, Plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 15-30497, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

9. Prior to filing bankruptcy, Plaintiff incurred debt with Target Card Services ("Target") for the purchase of household goods in the amount of $556.25 ("subject debt").

10. Plaintiff listed the subject debt as a pre-petition unsecured claim in his Bankruptcy filing. *See* Exhibit B, a true and correct copy of Schedule F filed with Plaintiff's Bankruptcy Petition.

11. Target received notice of the Chapter 13 filing through the Bankruptcy Noticing Center ("BNC"). *See* Exhibit C, a true and correct copy of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, Deadlines.

12. On June 23, 2015, Defendant filed a Proof of Claim in Plaintiff's Bankruptcy case in the amount of $683.79 for TD Bank USA, NA (hereinafter "TD"). *See* Exhibit D, a true and correct copy of the second Proof of Claim filed by Defendants.

13. By sheer happenstance Plaintiff received a billing statement from TD dated June 8, 2015 that indicated that as of June 8, 2015 the balance due was $683.79. This billing statement was a violation of 11 U.S.C. § 362.

14. Plaintiff passed this bill to his bankruptcy counsel.

15. Plaintiff's bankruptcy counsel requested a breakdown of the "fees, expenses or other charges" listed in this proof of claim from Defendant and received no response.

16. On August 13, 2015 Plaintiff filed an objection to that claim. See Exhibit E, a true and correct copy of the objection to claim.

17. This objection to claim alleged that the amount claimed as due and owing to TD was incorrect and was higher than the amount of debt owed at the time the Plaintiff's bankruptcy was filed.

18. Section 502(b) of the Bankruptcy Code clearly and unambiguously states that the amount of claim in bankruptcy is determined as of the date of the filing of the bankruptcy petition.

19. On September 11, 2015, Defendant filed a second Proof of Claim on TD's behalf in Plaintiff's Bankruptcy case again in the amount of $683.79. *See* Exhibit F, a true and correct copy of the second Proof of Claim filed by Defendants.

20. This second proof of claim included as attachments credit card statements before and after the Plaintiff's bankruptcy was filed. These statements demonstrated that the amount owed at the time the Plaintiff filed his bankruptcy was $556.25. Specifically the March 8, 2015 statement indicated the amount owed as $556.25.

21. On October 6, 2015, Plaintiff filed another objection to the second proof of claim. See Exhibit G, a true and correct copy of the objection to claim.

22. On October 26, 2015, Defendants filed a third Proof of Claim in Plaintiff's Bankruptcy case in the amount of the subject debt. *See* Exhibit H, a true and correct copy of the third Proof of Claim filed by Defendants. This claim properly listed the amount of the debt at $556.25.

23. Defendant's actions were highly deceptive. By slightly adding additional charges to the proof of claim over and above the actual amount due, a normal review of that proof of claim would not indicate that the amount claimed was false. But for TD's illegal billing statement Defendant's actions in collecting on a debt not owed would not have been discovered.

24. Defendant's actions caused actual harm to Plaintiff by requiring Plaintiff's counsel to repeatedly file objections to obviously false proof of claims costing time and money to prosecute.

25. Plaintiff was highly confused and upset by Defendants' actions as he believed his bankruptcy filing prohibited such demands for payment.

26. Concerned about the violations of his rights and protections, Plaintiff sought the assistance of counsel to ensure that Defendants' collection efforts ceased.

27. Plaintiff was unduly inconvenienced and harassed by Defendants' unlawful attempts to collect the subject debt.

28. Plaintiff has expended time, incurring costs consulting with his attorneys as a result of Defendants' deceptive collection actions.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Defendant violated 15 U.S.C. §§1692e(2), e(10), f, and f(1) through its debt collection efforts of a consumer debt.

31. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. Defendant took actions to collect additional amounts over and above the actual amount owed at the time the bankruptcy was filed. Similarly, Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the additional amounts over and above the actual amount owed at the time the bankruptcy was filed was collectable at the time it filed the proofs of claim as the subject debt was not collectible by virtue of the automatic stay.

32. Defendant violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect an amount of debt because the subject debt was not owed at the time Defendant demanded payment.

33. It was unfair and deceptive for Defendant to attempt to collect the subject debt from Plaintiff.

34. By filing these claims Defendant has shown willful and malicious disregard towards the Bankruptcy Code and the FDCPA.

35. As pled above, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, LESTER E. BRIGGS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

   c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692 and;

    d.   awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 23, 2016                      Respectfully Submitted,

                                                <u>/s/ James J. Haller</u>
                                                James J. Haller ARDC#6226796
                                                Counsel for Plaintiff
                                                Sulaiman Law Group, LTD
                                                900 Jorie Blvd, Ste 150
                                                Oak Brook, IL 60523
                                                Phone (630)575-8181
                                                Fax: (630)575-8188